IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ISHMAEL RAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 322-011 |
| | ) |
| JACOB BEASLEY, Deputy Warden of | ) |
| Security; JERMAINE WHITE, Warden; | ) |
| KAREN THOMAS, Unit Manager; and | ) |
| MS. JOHNSON, Correctional Officer II, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP"), is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING THE AMENDED COMPLAINT**

   A. **BACKGROUND**

Plaintiff names the following defendants: (1) Jacob Beasley, TSP Deputy Warden of Security; (2) Jermaine White, TSP Warden; (3) Karen Thomas, TSP Unit Manager; and (4) Ms.

Johnson, TSP Correctional Officer II.[1]  (Doc. no. 13-1, pp. 2-3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 12, 2021, there was "no officer in the booth" in Plaintiff's dormitory, as had been the case for several weeks because of understaffing.  (Id. at 16.)  Plaintiff was assaulted August 12th by multiple inmates, and no correctional officer stopped the assault or came to check on Plaintiff after he ran out of the other inmate's cell until over two hours after the assault.  (Id.)  Plaintiff was the only individual involved in the altercation who had disciplinary action taken against him.  (Id. at 17.)

On August 22, 2021, there was no correctional "officer in the booth or on the floor" in Plaintiff's dormitory, and inmates began "popping out" of their cells.  (Id. at 18.)  Multiple inmates tried to "pop in [Plaintiff's] cell," and when they could not get in, they verbally taunted Plaintiff "for hours."  (Id.)  Plaintiff reported the incident to Defendant Thomas and filed a grievance with Defendant White, but the grievance was denied.  (Id.)

On November 27, 2021, prison officials moved Plaintiff's cellmate, along with the cellmate's property, to a "strip cell."  (Id.)  The cellmate returned three days later with no clothes or property.  According to prison regulations, the cellmate who had been to a "strip cell" should not have been a sharing a room with Plaintiff.  (Id.)  Plaintiff told an unnamed prison official about the violation of regulations, but nothing was done to correct the problem.  (Id. at 19.)

On February 13, 2022, Defendant Johnson had a verbal altercation with Plaintiff's cellmate while she was collecting meal trays.  (Id. at 19.)  Defendant Johnson was able to secure the tray

---

[1]The Court **DIRECTS** the **CLERK** to update the name and title of Defendant Johnson in accordance with the caption, which is consistent with the amended complaint. (See doc. no. 13-1, pp. 3, 19.)

flap shut, but she returned approximately twenty seconds later, opened the tray flap, and sprayed O.C. chemical through the flap and onto Plaintiff and his cellmate.

Finally, on April 25, 2022, Defendant Thomas removed Plaintiff's cellmate and assigned a new cellmate while Plaintiff was at yard call. (Id. at 20.) The new cellmate had previously been assigned to a "strip cell" because he had been in an altercation with his cellmate. (Id.) On May 3rd, the newly assigned cellmate stabbed Plaintiff in the head. (Id.) Plaintiff was taken to the medical department, and upon his return, Plaintiff's original cellmate had been re-assigned back to the cell. (Id.)

As relief, Plaintiff seeks monetary damages from each Defendant. (Id. at 24.)

B.     DISCUSSION

1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State A Valid Claim for Conditions of Confinement Based on his Allegations of Limited Security

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing,

4

shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff has not shown the staffing issues described in his amended complaint rise to the level of violating contemporary standards of decency.  Although an attack may be actionable where violence and terror reign and an inmate is exposed to a constant threat of violence, the "occasional, isolated attacks by one prisoner on another" does not necessarily constitute cruel and unusual punishment.  Harrison, 746 F.3d at 1299-1300.  Plaintiff alleges unidentified inmates attacked him on August 12th and verbally taunted him on August 22nd, and he claims his cellmate attacked him on May 3rd.  Plaintiff alleges no other incidents against him or other inmates through the date he signed the amended complaint, May 16, 2022. Two instances of unrelated violence and one episode of verbal taunting are hardly sufficient to demonstrate violence and terror reigned at TSP.  See Rhiner v. Sec'y, Fla. Dept. of Corrs., 817 F. App'x 769, 776 (11th Cir. 2020) (*per curiam*) (finding ten gang related incidents occurring over two years fails to constitute a substantial risk of serious harm); Harrison, 746 F.3d at 1300 (finding thirty-three incidents in prison population of approximately 800 to 1000 inmates across three years failed to demonstrate violence and terror reigned).

Plaintiff's allegations of security understaffing in the booth near his cell, and a delay by the guards of realizing Plaintiff had been assaulted on one occasion, do not change the outcome. (Doc. no. 13-1, p. 6.)  "The Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016) (*per curiam*); see also Purcell v. Toombs Cnty., 400 F.3d 1313, 1323 n.23 (11th Cir. 2005) ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty minutes."); Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir.

6

1995) (finding that failure by jailer to check on "bullpen" of inmates during one hour prior to assault insufficient to show deliberate indifference).

Further, even if Plaintiff had established TSP is unconstitutionally safe, he fails to show liability on behalf of a properly named defendant. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never mentions any defendant in relation to his claim for unsafe prison conditions beyond telling Defendant Thomas *after* the August 22nd taunting and subsequently filing a grievance with Defendant White.[2] Thus, Plaintiff fails to state a claim upon which relief can be granted with respect to his conditions of confinement claim related to staffing.

### 3. Plaintiff Does Not State a Failure to Protect Claim Against Any Defendant

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B

---

[2]As discussed in detail in Part I(B)(3), *infra*, Plaintiff's conclusory allegations regarding policies at TSP and statements that various supervisory defendants are responsible for running TSP are insufficient to state a valid claim for relief.

7

Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (*per curiam*).

8

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components:  one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff has not alleged any Defendant consciously disregarded a serious and imminent risk to him.  First, as to the August 12th assault, Plaintiff provides general details about the attack, but he does not explain how, or even if, each Defendant was aware of the attack (or a prior attack on Plaintiff) or made aware of a specific threat to attack Plaintiff prior to that date.  As to the "popping out" on August 22nd, even if Plaintiff had alleged any defendant had a general awareness that inmates would sometimes leave their cells, such a general awareness is insufficient to establish any defendant was deliberately indifferent to a substantial risk of

9

serious harm or was aware Plaintiff was at substantial risk of attack. See Williams v. Beasley, No. CV 320-057, 2021 WL 1573070, at *4 (S.D. Ga. Mar. 26, 2021), *adopted by*, 2021 WL 1566077 (S.D. Ga. Apr. 21, 2021) (Bowen, J.)  Also, Plaintiff does not allege any injury from the inmates who popped out of their cells but were not able to gain entrance to Plaintiff's cell. See Marbury, 936 F.3d at 1233 (explaining Eighth Amendment violation requires deliberate indifference "to substantial risk of serious harm to an inmate who suffers injury").

As to the events of May 3rd, Plaintiff alleges his attacker assaulted one of his prior cellmates, but he does not explain how, or even if, each Defendant was aware of the prior attack or that the prior attack was in any way related to Plaintiff.  Nor does Plaintiff allege any attack on him or threat made by this cellmate toward him prior to the May 3rd assault.  General knowledge of the cellmate's violent history is not sufficient.  Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's "generally problematic nature" to impose liability for failing to protect against attack).

Second, Plaintiff cannot hold Defendants White, Beasley, or Thomas[3] liable by virtue of their supervisory positions as wardens or unit managers.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F.

---

[3]Plaintiff mentions Defendant Johnson only with respect to the events of February 13, 2022.

10

App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold these three Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff appears to name these individuals as Defendants not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions.  Nowhere does Plaintiff allege these three were present for, participated in, or were connected to the substantive events about which Plaintiff complains.  At best, Plaintiff alleges Defendants White and Beasley are responsible for running TSP and Defendant Thomas assigned Plaintiff a cellmate approximately one week before the events of May 3rd.

Therefore, Plaintiff must allege a causal connection between these three defendants and the asserted constitutional violation.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse

puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff's conclusory assertions that the wardens could have hired more staff and trained them "properly" is insufficient, as is his implicit suggestion that Defendants allowed or otherwise tacitly authorized the conduct of subordinates via customs and practices of allowing inmates to assault each other, "pop out" of their cells, or in relation to Defendant Johnson's[4] use O.C. spray improperly because he offers no facts to support this conclusory assertion. See Anderson v. Hall, Civ. Act. No. 5:19-cv-6, 2020 WL 2896682, at *2 (S.D. Ga. May 29, 2020) (dismissing claim for liability of supervisory prison officials where no facts alleged in support of causal connection allegations), *adopted by*, 2020 WL 3406329 (S.D. Ga. June 19, 2020). Nor does Plaintiff allege

---

[4] By separate Order, the Court allows an excessive force claim to go forward against Defendant Johnson.

12

any facts to show they either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner.

In sum, Plaintiff has not shown Defendants White, Beasley, or Thomas actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted based on the supervisory positions of these three Defendants.

### 4. Plaintiff Fails to State a Claim Based on Investigation of Grievance

To the extent Plaintiff alleges Defendant White wrongfully denied his grievance regarding inmates "popping out" of their cells, Plaintiff fails to state a valid claim for relief. Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim a Defendant mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). Therefore, Plaintiff fails to state a claim against Defendant White based on the denial of a grievance.

### 5. Plaintiff Fails to State a Claim Based on Alleged Violation(s) of Prison Regulations

To the extent Plaintiff also complains prison regulations were not followed regarding assignment of cellmates, handling his grievance, or imposing discipline on all inmates involved in altercations with Plaintiff, he fails to state a constitutional claim. An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. Act. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012); ); Jones v. Schofield, 1:08-CV-7 WLS, 2009 WL 902154, at *3 (M.D. Ga. Mar. 30, 2009) ("Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action."). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation(s) concerning a prison regulation.

### 6. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

Finally, to the extent Plaintiff is suing Defendants in their official capacities, the

Eleventh Amendment bars official capacity claims against state prison officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Beasley, White, and Thomas, as well as all claims related to failing to protect Plaintiff from other inmates, investigating Plaintiff's grievance, alleged violations of prison regulations, and all official capacity monetary damages, be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 6th day of June, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA